**Martha RICHARDSON, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**No. J 60 C 1.**

United States District Court
E. D. Arkansas,
Jonesboro Division.

Dec. 27, 1960.

470

Bill Penix, Penix & Penix, Jonesboro, Ark., for plaintiff.

Osro Cobb, U. S. Atty., by Ralph Sloan, Little Rock, Ark., for defendant.

YOUNG, District Judge.

Miss Martha Richardson filed for social security benefits in 1958, alleging that she was entitled to payments under the self-employment provisions of the Social Security Act, 42 U.S.C.A. §§ 401–425, because of income derived from a partnership with her brother in 1956 and 1957. The Hearing Examiner held that he had "not been able to find any firm basis on which to base a finding that claimant and her brother ever intended to, or conducted their farming operations in a manner to make them 'partner' * *." The issue before the court is whether or not there is substantial evidence to support this conclusion, 42 U.S.C.A. § 405 (g).

The claimant is 79 years of age. There is no question that she has worked very hard all her life and continued to work as hard as her health and age would permit after the purchase of the farm here in question in 1947. There is also no question that Miss Richardson and her brother shared in the profits of this enterprise. The down payment on the farm was obtained from the profit made by them from the 1947 crop produced upon rented land. Miss Richardson also had some managerial power, although it seems doubtful that this was pursuant to a pre-existing agreement. All the property was in the brother's name; shortly before the hearing Mr. Richardson placed the farm in both names when he learned that Miss Richardson would share with the rest of the heirs in the event of his death. Miss Richardson can neither read nor write, which was offered as an explanation for keeping all the property in her brother's name. In 1955, Mr. Richardson for the first time in his life filed an individual tax return reporting all the farm income in his own name. In 1956 and 1957, on a theory of partnership, the income was split between the two parties.

On the present state of the record, I cannot say that there is not substantial evidence to support the verdict. A different result might be reached for the years after Miss Richardson received title to the farm, but this question is not before the court. The opinion of the Hearing Examiner is hereby affirmed.